IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MIR FOOD MART, and**<br>**MIR F. MOURIN, an Individual,**<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>**UNITED STATES OF AMERICA**,<br><br>　　　　　Defendant. | **CASE NO.: 8:20-cv-2104-T-33CPT** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO PERMIT
DISCOVERY AND TO AMEND THE
<u>CASE MANAGEMENT AND SCHEDULING ORDER</u>**

　　　　The Plaintiffs, Mir Food Mart and Mir F. Mourin, an Individual, file this Memorandum in Support of their Motion to Permit Discovery and to Amend the Case Management and Scheduling Order and ask that the Court grant said motion.

**I.　　INTRODUCTION**

<u>Summary of the Plaintiff's Position</u>

　　　　This matter is brought for a trial *de novo* Judicial Review pursuant to 7 U.S.C. §2023(a)(13)-(15), and not as a part of the Administrative Procedure Act's Judicial Review of an agency action (5 U.S.C. §702). The Judicial Review of a USDA SNAP retailer disqualification contemplated by Congress operates under a different framework than 5 U.S.C. §702 in that Congress specifically sets out that these Judicial Reviews do not operate within the limited scope of the Administrative Record, and that District Courts have *trial de novo* jurisdiction over the case. See 7 U.S.C. §2023(a)(15). The difference between this Judicial Review and those conducted under the APA is that there has not been an evidentiary hearing in these proceedings, there are no administrative law judges involved in this action, nor has there been an opportunity for cross

examination of the Department's evidence until the Judicial Review.

As such, the parties are not necessarily going to file a motion for summary judgment, as the presence of disputed material facts may warrant the disposition of this matter at trial. In the interest of judicial economy (and to avoid filing unnecessary 56(d) declarations in the event the Defendant chooses to file a motion for summary judgment), this matter is best set for a traditional discovery schedule with dispositive motions and trial (where appropriate) thereafter.

## II. CASE HISTORY

The Supplemental Nutrition Assistance Program (SNAP), formerly known as the "Food Stamp Program," is responsible for providing monetary benefits to poor families for the sole purpose of permitting them to purchase food, and is codified at 7 U.S.C. §§2011-2036(c). The United States Department of Agriculture is tasked with overseeing the program, which in pertinent part involves the authorization and disqualification of participating SNAP retailers. The Plaintiffs were an authorized SNAP retailer prior to this matter.

In 2019, the Plaintiff was due up for a five (5) year re-authorization, and accordingly, the Defendant (acting through the USDA, Food and Nutrition Service) sent a reauthorization request. The Plaintiffs timely and appropriately submitted a re-authorization application to the Defendant through FNS's online system.

On June 15, 2020, the Defendant, through the FNS, sent a letter to the Plaintiffs (the "Withdrawal Letter") stating "Food and Nutrition Service ("FNS") has withdrawn your authorization to participate as a retailer in the SNAP. FNS has determined that your firm does not meet the store eligibility criteria for accepting SNAP benefits. Therefore, the following location is withdrawn." The Withdrawal Letter continued, "This determination is based on information provided either on your re-authorization application and/or information obtained from a visit to

your Store on February 29, 2020.  Your firm fails to meet the inventory requirements under Criterion A because your store does not carry three stocking units in at least three varieties of foods in the dairy product staple food category(s).  Your firm also fails to meet Criterion B because your firm's staple food sales comprise 50 percent or less of your annual gross retail sales. . . .FNS considered your store's eligibility under the need for access provision at 7 CFR 278.1(b)(6) and determined that your firm does not qualify for SNAP authorization under this provision. "

In particular, the Withdrawal Letter stated that the Plaintiffs lacked adequate dairy inventory to participate in the program.  During the subsequent Administrative Review, the Plaintiffs asserted that they did have sufficient inventory, as they always have in the past and contested the Withdrawal Letter.  Nevertheless, the Defendant persisted and upheld the withdrawal of the Plaintiffs as a qualified SNAP retailer.  As a result, the store stands to lose a considerable portion of its gross revenue (including revenue derived from SNAP) and a substantial portion of its clientele.

Throughout the entirety of the Administrative Proceedings, the Plaintiff had no access to the Administrative Record at all, which is the practice of the Defendant.  Furthermore, it is typically not be provided to the Plaintiffs until after this Judicial Appeal is filed.   The proceedings administratively to this point have been informal in nature, bereft of a formal Administrative Record and without the benefit of an Administrative Law Judge or an evidentiary presentation (or opportunity to rebut).

The Plaintiffs require discovery to issue subpoenas to vendors (as necessary), depose the Defendant's subcontractor responsible for the Store Visit Report (upon which the Department based its inventory evaluation), in addition to such other Agency personnel as necessary based upon the administrative record, and to adequately prepare their case and present their claim to the

Court as contemplated by the statute.

**III.     STATUTORY STRUCTURE & LEGAL ARGUMENT**

As noted in 7 U.S.C. §2023, this Judicial Review is not the average Administrative Procedures Act appeal. See *Ramirez vs. United States*, 514 F.Supp 759, 763 (D.P.R. 1981):

> "The trial de novo provision of 7 U.S.C. Sec. 2023 is broader than the review standard provided in the Administrative Procedure Act, 5 U.S.C. Sec 500 et seq., since it requires the Court to examine all the issues raised and not merely to determine whether the administrative findings are supported by substantial evidence on the record. The Court must reach its own factual and legal conclusions and is not limited to matters considered in the administrative proceedings." Citing *Modica vs. United States*, 518 F.2d 374, 376 (5th Cir. 1975). See also *Saunders vs. U.S.*, 507 F.2d 33, 36 (6th Cir. 1974) (holding that §2023 requires a reexamination of the entire matter in which the Court should make its own findings of fact.)

A structural comparison of 5 U.S.C. Chapter 7 Judicial Review and 7 U.S.C. §2023 lays bare the differences between Congress' approach to standard Administrative Practice Act Judicial Reviews and the review presently before the Court. The APA's Judicial Review scope is set out in 5 U.S.C. §706:

> "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> 1. compel agency action unlawfully withheld or unreasonably delayed; and
>
> 2. hold unlawful and set aside agency action, findings, and conclusions found to be—
>
>    A. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
>    B. contrary to constitutional right, power, privilege, or immunity;
>
>    C. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
>    D. without observance of procedure required by law;

> E. unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> F. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."

This regulation specifically lists the circumstances under which the Court may take action, limiting the review to the record alone. Conversely, 7 U.S.C. §2023 sets no specific circumstances or findings that the Court needs to make in a 7 U.S.C. §2023(a)(15), save for the "validity" of the application denial. The language of 7 U.S.C. §2023(a)(13)-(16) reads as follows:

> **(13)** If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.
>
> **(14)** The copy of the summons and complaint required to be delivered to the official or agency whose order is being attacked shall be sent to the Secretary or such person or persons as the Secretary may designate to receive service of process.
>
> **(15)** The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue, except that judicial review of determinations regarding claims made pursuant to section 2025(c) of this title shall be a review on the administrative record.
>
> **(16)** If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence."

The language within subsection (a)(15) indicates that only claims under 2025(c) (which is unrelated to this case, although does involve administrative law judges) are to be reviewed on the record alone, implying that the District Court (and thus discovery) is intentionally not limited to the A.R. Furthermore, Congress' choice in the phrase "trial de novo" indicates that Congress

intended the District Court to conduct the matter as it would any normal civil litigation, with the discovery tools, dispositive motions and trial afforded to such cases.

Therefore, it is the Plaintiffs' belief that this matter is best set for a regular discovery, dispositive motion and trial schedule.

**V.      CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court set an appropriate discovery schedule, so as to avoid any unnecessary delays or wasted judicial resources that may be associated with the presently set Case Management and Scheduling Order.

Dated: November 2, 2020                                           Respectfully submitted,

**METROPOLITAN LAW GROUP, PLLC**

*/s/ Andrew Z. Tapp*
**ANDREW Z. TAPP, ESQ.**
Florida Bar No.: 68002
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
(813) 228-0658
Andrew@Metropolitan.Legal

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    E. Kenneth Stegeby
    Assistant U.S. Attorney
    Kenneth.Stegeby@usdoj.gov

    */s/ Andrew Z. Tapp*
    **ANDREW Z. TAPP, ESQ.**
    Florida Bar No.: 68002